UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DENBY, | : | CASE NO. 3:02CV1143(JBA)(JGM) |
| *Petitioner* | : | |
| | : | |
| V. | : | |
| | : | |
| | : | |
| COMMISSIONER OF CORRECTION, | : | FEBRUARY 18, 2005 |
| *Respondent* | : | |

MOTION FOR ENLARGEMENT OF TIME
NUNC PRO TUNC
WITHIN WHICH TO COMPLY WITH
THE COURT'S SCHEDULING ORDER

Pursuant to Rule 9(b) of the Local Rules of Civil Procedure for the District of Connecticut, the respondents hereby move for an enlargement of time, nunc pro tunc, to **March 31, 2005**, to file a response to the petitioner's memorandum of law in support of the petition. This is the respondent's first motion for an enlargement of time. The undersigned counsel has contacted the petitioner's counsel, Attorney William M. Bloss, and he consents to the granting of this motion. The petitioner is incarcerated.

In January 1993, the petitioner was convicted after a jury trial, Clark, J., presiding, of possession of cocaine with intent to sell by a non-drug-dependent person in violation of Connecticut General Statutes § 21a-278(b) and possession of cocaine with intent to sell within one thousand feet of a school in violation of § 21a-278a(b). The trial court imposed a term of imprisonment of nineteen years. The petitioner appealed and the Connecticut Appellate Court affirmed the conviction on August 16, 1994. State v. Denby, 35 Conn. App. 609, 646 A.2d 909 (1994). The petitioner next sought discretionary review by the Connecticut Supreme Court. That Court granted review but then affirmed the judgment of conviction on December 5, 1995. State v. Denby, 235 Conn. 477, 668 A.2d 682 (1995).

Meanwhile, in May 1995, the petitioner filed a petition for writ of habeas corpus in the Superior Court for the judicial district of New Haven. In that proceeding, he asserted that he had been denied the effective assistance of counsel at his 1993 criminal trial. After hearing the petitioner's evidence in support of his petition, the state habeas court dismissed the petition on November 4, 1996. The petitioner appealed. On February 3, 1998, the Connecticut Appellate Court affirmed the judgment of the state habeas court. Denby v. Commissioner of Correction, 47 Conn. App. 931, 707 A.2d 1287 (1998) (per curiam). The petitioner next filed a petition seeking discretionary review by the Connecticut Supreme Court. That petition was denied on March 17, 1998. Denby v. Commissioner of Correction, 244 Conn. 909, 713 A.2d 828 (1998).

In 1997 and 1998, the petitioner initiated three additional state habeas actions. These matters were consolidated. At his second habeas trial, the petitioner claimed that he had been denied the effective assistance of counsel in his prior state habeas proceeding and that he was actually innocent of the charged offenses. On January 6, 2000, the second state habeas court dismissed that petition. On November 13, 2001, the Connecticut Appellate Court affirmed the judgment of the second state habeas court. Denby v. Commissioner of Correction, 66 Conn. App. 809, 786 A.2d 442 (2001). The petitioner then filed a petition seeking discretionary review by the Connecticut Supreme Court. That petition was denied on January 3, 2002. Denby v. Commissioner of Correction, 259 Conn. 908, 789 A.2d 994 (2002).

The petitioner now seeks relief in this proceeding brought under 28 U.S.C. § 2254. Specifically, he raises two claims of error. First, he alleges that he was denied the effective

assistance of counsel at his 1993 criminal trial. Second, he claims that he is actually innocent.

The grounds for this motion are:

1. On February 16, 2005, the undersigned counsel filed two motions to dismiss with supporting memorandum. The first was filed in the federal habeas corpus matter of <u>Anthony Holloway v. Warden, James Dzurenda</u>, Case No. 3:04CV1697(CFD)(WIG), U.S. District Court, District of Connecticut. The other was filed in the habeas corpus matter of <u>Keith Hunter v. Theresa Lantz, et al.</u>, Case No. 3:04CV2092(CFD), U.S. District Court, District of Connecticut.

2. Additionally, because of its time-sensitive nature, the undersigned counsel devoted most of her time during the months of December 2004 and January 2005 to the federal § 1983 action of <u>Dan Ross as next friend to Michael Ross v. Jodi Rell, et al.</u>, Case No. 3:04CV2186(CFD), United States District Court, District of Connecticut, <u>and</u> the federal habeas corpus matter of <u>Michael B. Ross by his next friend Gerard A. Smyth v. Theresa Lantz, et al.</u>, Case No. 3:05CV116(RNC), U.S. District Court, District of Connecticut.

3. Additionally, on December 3, 2004, the undersigned counsel represented the respondent at the state habeas trial in the matter of <u>George Bridges v. Warden, State Prison</u>, Docket No. CV03-4268, Superior Court in the judicial district of Tolland. On December 7, 2004, the undersigned argued motions to dismiss in the state habeas corpus matters of <u>Ernest Francis v. Warden, State Prison</u>, Docket No. CV00-0800883-S, Superior Court in the judicial district of Tolland and <u>Garrick Turner v. Warden, State Prison</u>, Docket No. CV04-4000139-S, Superior Court for the judicial district of Tolland. On December 21, 2004, the undersigned counsel represented the respondent at the state habeas corpus trial

3

of <u>German Roman v. Warden, State Prison</u>, Docket No. CV02-3788, Superior Court in the judicial district of Tolland.

4.    On January 19, 2005, the undersigned counsel mailed the respondents' answer to the petition for writ of habeas corpus in the matter of <u>Keith Hunter v. Theresa Lantz, et al.</u>, Case No. 3:04CV2092(CFD), U.S. District Court, District of Connecticut.

5.    On January 28, 2005, the undersigned counsel completed the respondents' answer to the petition for writ of habeas corpus in the matter of <u>Martyn Bruno v. Commissioner of Correction, et al.</u>, Case No. 3:04CV101(RNC), U.S. District Court, District of Connecticut.

6.    Due to these and other considerations, the respondent hereby moves this court for a enlargement of time to **March 31, 2005**, to file a response in the above-captioned matter.

    Respectfully submitted,

    RESPONDENT–COMMISSIONER OF CORRECTION

By: _____
JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (facsimile)
E-mail: JoAnne.Sulik@po.state.ct.us
Fed. Bar. No. ct 15122

## **CERTIFICATION**

I hereby certify that a copy of this motion was mailed to Attorney William M. Bloss, Koskoff, Koskoff & Bieder, P.C., 350 Fairfield Avenue, Bridgeport, Connecticut 06604, (203) 336-4421, (203) 368-3244 (facsimile), on February 18, 2005.

 

_____
JO ANNE SULIK
Assistant State's Attorney