UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DENBY, : | CASE NO. 3:02CV1143(JBA)(JGM) |
| *Petitioner* : | |
| : | |
| V. : | |
| : | |
| COMMISSIONER OF CORRECTION, : | MAY 23, 2005 |
| *Respondent* : | |

### ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Courts, the respondent now answers the claims raised in the petitioner's Petition for Writ of Habeas Corpus [Doc. # 1].

**PROCEDURAL HISTORY**

1.  In January 1993, the petitioner was convicted after a jury trial, *Clark, J.*, presiding, of possession of cocaine with intent to sell by a non-drug-dependent person in violation of Connecticut General Statutes § 21a-278(b) and possession of cocaine with intent to sell within one thousand feet of a school in violation of § 21a-278a(b). The trial court imposed a term of imprisonment of nineteen years.

2.  The petitioner appealed. On August 16, 1994, the Connecticut Appellate Court affirmed the conviction. *State v. Denby*, 35 Conn. App. 609, 646 A.2d 909 (1994). The petitioner next sought discretionary review by the Connecticut Supreme Court. That court granted review. On December 5, 1995, the Connecticut Supreme Court affirmed the judgment of conviction. *State v. Denby*, 235 Conn. 477, 668 A.2d 682 (1995).

3.  In May 1995, the petitioner filed a petition for writ of habeas corpus in the Superior Court for the judicial district of New Haven. After hearing the petitioner's evidence in support of his petition, the state habeas court dismissed the petition in a written

memorandum of decision dated November 4, 1996. The petitioner then appealed the state habeas court's decision to the Connecticut Appellate Court. On February 3, 1998, that Court affirmed the judgment of the state habeas court. *Denby v. Commissioner of Correction*, 47 Conn. App. 931, 707 A.2d 1287 (1998) (per curiam). He next filed a petition seeking discretionary review by the Connecticut Supreme Court. That petition was denied on March 17, 1998. *Denby v. Commissioner of Correction*, 244 Conn. 909, 713 A.2d 828 (1998).

4. In 1997 and 1998, the petitioner initiated three additional state habeas actions. These matters were consolidated. After a hearing on the merits of the petitioner's claims, the second state habeas court dismissed the petitions in a memorandum of decision dated January 6, 2000. The petitioner appealed. On November 13, 2001, the Connecticut Appellate Court affirmed the judgment of the second state habeas court. *Denby v. Commissioner of Correction*, 66 Conn. App. 809, 786 A.2d 442 (2001). The petitioner then filed a petition seeking discretionary review by the Connecticut Supreme Court. That petition was denied on January 3, 2002. *Denby v. Commissioner of Correction*, 259 Conn. 908, 789 A.2d 994 (2002).

5. The respondent admits the allegations contained in paragraphs 1-11 and 13-17 of the petition to the extent that those allegations do not conflict with the procedural history as alleged in paragraphs 1 through 4 of this Answer.

**RESPONSE TO THE CLAIMS RAISED BY THE PETITIONER**

6. The respondent denies the allegation in Paragraph 12, Ground One, of the petition that the petitioner's state conviction is unlawful because he was denied the

effective assistance of counsel at his 1992-93 criminal trial. In denying this claim, the respondent relies on the state court record, the decisions of the Connecticut state courts and the respondent's brief on appeal. See Appendices D, E, F, and H.

7. The respondent denies the allegation in Paragraph 12, Ground Two, of the petition that the petitioner is "actually innocent." In denying this claim, the respondent relies on the state court record, the decisions of the Connecticut state courts, and the respondent's brief on appeal. See Appendices E, F, and H.

**EXHAUSTION / PROCEDURAL DEFAULT**

8. The petitioner appears to have exhausted Grounds One and Two by presenting them to the Connecticut Supreme Court in a petition seeking discretionary review of the decision of the Connecticut Appellate Court. See Appendix J. To the extent that the petitioner's claims in this federal habeas corpus proceeding differ in any way from the claims as they were pursued in the state courts, the petitioner's failure to present his claims fairly to state courts renders federal habeas corpus relief unwarranted due to the petitioner's lack of exhaustion.

**OTHER PENDING PETITIONS**

9. The petitioner appears to have a state habeas corpus petition pending that challenges the judgment of conviction under attack in the instant federal habeas corpus proceeding. See *John Denby v. Warden-Cheshire*, Docket No. CV00-0440728, Superior Court in the judicial district of New Haven.

**DOCUMENTS FORWARDED TO THE COURT**

    10.    Copies of the following documents are forwarded to the Court as appendices to this Answer.

| | |
|---|---|
| Appendix A | Decision of the Connecticut Appellate Court on direct appeal; *State v. Denby*, 35 Conn. App. 609, 646 A.2d 909 (1994) |
| Appendix B | Decision of the Connecticut Supreme Court on direct review; *State v. Denby*, 235 Conn. 477, 668 A.2d 682 (1995) |
| Appendix C | Decision of the Connecticut Appellate Court on review of the first state habeas court's decision; *Denby v. Commissioner of Correction*, 47 Conn. App. 931, 707 A.2d 1287 (1998) (per curiam) |
| Appendix D | Record on appeal of the decision of the first state habeas court |
| Appendix E | Decision of the Connecticut Appellate Court on review of the second state habeas court's decision; *Denby v. Commissioner of Correction*, 66 Conn. App. 809, 786 A.2d 442 (2001) |
| Appendix F | Record on appeal of the decision of the second state habeas court |
| Appendix G | Petitioner's brief on appeal of the decision of the second state habeas court |
| Appendix H | Respondent's brief on appeal of the decision of the second state habeas court |
| Appendix I | Petitioner's reply brief on appeal of the decision of the second state habeas court |
| Appendix J | Petitioner's petition to the Connecticut Supreme Court seeking discretionary review of the decision of the Appellate Court on appeal from the decision of the second state habeas court |

**TRANSCRIPTS**

11.    The proceedings of the petitioner's two state habeas trials were transcribed and have been forwarded to the Court by the petitioner. See petitioner's exhibits 2A, 2B, and 5A through 5D. The proceedings of the 1992-93 criminal trial and sentencing were transcribed. Copies of these transcripts have been forwarded to the Court by the petitioner. See petitioner's exhibits 1 and 4.

**CONCLUSION**

12.    The petitioner cannot demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Therefore, his petition for writ of habeas corpus must be dismissed.

Respectfully submitted,

RESPONDENT--COMMISSIONER OF CORRECTION

By: _____
JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (facsimile)
E-mail: JoAnne.Sulik@po.state.ct.us
Fed. Bar. No. ct 15122

5

## **CERTIFICATION**

I hereby certify that a copy of this answer and the appendices thereto were mailed to Attorney William M. Bloss, Koskoff, Koskoff & Bieder, P.C., 350 Fairfield Avenue, Bridgeport, Connecticut 06604, (203) 336-4421, (203) 368-3244 (facsimile) on May 23, 2005.

                                      JO ANNE SULIK
                                      Assistant State's Attorney