UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
:
JOHN DENBY                            :
                                      :   CIV. NO. 3:02-CV1143 (JBA) (JGM)
VS.                                   :
                                      :
COMMISSIONER OF CORRECTION            :   September 6, 2005
_____:

## PETITIONER'S MEMORANDUM IN SUPPORT
## MOTION FOR CERTIFICATE OF APPEALABILITY

The petitioner in the above-referenced case files this memorandum in support of his motion pursuant to 28 U.S.C. § 2253(c)(1)(A) that the Court issue a certificate of appealability allowing him to appeal the Court's denial of his petition for writ of habeas corpus. Petitioner has made a substantial showing of the denial of a federal right, 28 U.S.C. § 2253(b)(2), specifically the right to effective assistance of counsel, which should be considered by an appellate court.

A COA is appropriate where the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), that is, where "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or . . . the issues presented [are] adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); see Soto v. United States, 185 F.3d 48, 51-52 (2d Cir. 1999). The goal

of this provision is to avoid "the waste of judicial energy on the consideration of clearly meritless claims." Grotto v. Herbert, 316 F.3d 198, 209 (2d Cir. 2003). "[T]he showing required for obtaining a COA is lower than that required to prevail on the merits." Soto, 185 F.3d 48, 57 (Tsoucalas, J., dissenting). "If a [district] judge requires the respondent to answer [rather than summarily dismissing the case], [s]he should normally allow the petitioner to appeal an adverse decision." Dory v. Commissioner of Correction, 865 F.2d 44, 46 (2d Cir. 1989). As the court stated in Dory:

> The standard for granting a certificate of probable cause is the mirror image of these rules for summary dismissal. The district court should issue the certificate if the petition is "not frivolous" and it presents some question deserving appellate review.

Dory, 865 F.2d at 46. A district judge, rather than a circuit judge, must consider this application initially. Lozada v. United States, 107 F.3d 1011, 1016 (2d Cir., 1997), overruled on other grounds, United States v. Perez, 129 F.3d 225 (2d Cir. 1997).

This case involves whether the trial counsel representing a person charged with sale of narcotics by a person who is not drug dependent, Conn. Gen. Stat. § 21a-278b, was ineffective when he failed to investigate and present evidence to the jury that the defendant was, in fact, drug dependent at the time of the charged crime. A person who is drug dependant who sells narcotics faces a lower statutory maximum and no minimum mandatory sentence.

In this case, the district court (Hon. Joan Glazer Margolis, U.S.M.J.), determined that trial counsel's actions in failing to investigate and present available drug-dependency evidence "fell below an objective standard of reasonableness." (Ruling at 14). Further, the court found

that had trial counsel presented the evidence "it is possible that a jury would have found petitioner to be drug-dependent," but further held that it was insufficient to rise to the level of a "reasonable probability." (Ruling at 16).

This issue easily meets the standard for issuance of a certificate of appealability. The court has determined that trial counsel's actions were below professional standards. The court has acknowledged at least the possibility of a different result had the errors not been made. Reasonable jurists could surely disagree that the "possibility" of a different result rises to the level of a "reasonable probability" – which is nothing more than a higher level of possibility than that found by the district court.

The district court had before it substantial evidence of drug dependency. A State of Connecticut licensed drug counselor, Robert Sant'Angelo, interviewed Denby while incarcerated in September 1998, and reviewed among other documents, a substance abuse assessment from 1993 where it was determined by a Connecticut certified drug and alcohol counselor that Denby was chemically dependent. (2HT (11/4/98), p. 8-10).[1]  Sant'Angelo testified that, just from his

---

[1] This record (Exhibit 6 Appendix) (marked as Petitioner's Exhibit 10 at the Second Habeas hearing [Walker Reception Center –Addiction Services – Substance Abuse Clinical Assessment Summary])  contained an analysis by an expert establishing petitioner's drug-dependency in February of 1993, only nine months after petitioner's arrest. The expert, a certified alcohol and drug counselor, rated the petitioner as having an extreme problem with drugs, awarding him nine points on a scale of one to nine for drug-dependency. This evaluation supported Sant'Angelo's conclusion finding that the petitioner was strongly drug-dependent in 1992, in 1993, and was still drug-dependent at the time of Sant'Angelo's evaluation. Other records supporting Petitioner's claim of long term drug dependence reviewed and that could have been introduced include Petitioner's records form the Department of Corrections File (Exhibit 8 Appendix)(marked Petitioner's Exhibit 8 at Second Habeas), the Addiction Services Report (Exhibit 9 Appendix)(marked Petitioner's Exhibit 10 at Second Habeas), and Department of Probation presentence investigation report (Exhibit 12 Appendix)(marked Petitioner's Exhibit 7 at Second Habeas) .

review of Denby's records, Denby met two criteria for drug dependence of the Diagnostic and Statistical Manual of Mental Disorders, 4th ed. ("DSM"): 1) continuing to seek drugs despite adverse consequences in his life, and 2) drugs affected his life. (2HT (11/4/98), p. 14).[2]  If Denby met one additional criteria of DSM, Sant'Angelo would consider him chemically dependent. (2HT (11/4/98), p. 15).  Sant'Angelo administered the Substance Abuse Subtle Screening Inventory (SASSI) to Denby on September 11, 1998. (2HT (11/4/98), p. 16-18).  SASSI is over 90% accurate. (2HT (11/4/98), p. 16-18). Sant'Angelo concluded that Denby was chemically dependent in 1998, based on DSM categories, the SASSI, and Denby's past history. (2HT (11/4/98), p. 24).  Sant'Angelo also concluded that Denby was drug dependent back in 1992, at the time of the offense, based on his records and history. (2HT (11/4/98), p. 24).

At the second habeas hearing, Stephanie Pagan, petitioner's girlfriend of some ten years, testified to petitioner's daily drug use in 1992. (2HT (11/3/98), p. 95). Pagan testified that she had been living with Petitioner since 1988 and they had five children together. (2HT (11/3/98), p.

---

[2] In 1992, Connecticut defined a "drug-dependent person" as "any person who has developed a state of psychic or physical dependence, or both, upon a controlled substance following administration of that substance upon a repeated periodic or continuous basis. No person shall be classified as drug dependent who is dependent (A) upon a morphine-type substance as an incident to current medical treatment of a demonstrable physical disorder other than drug dependence, or (B) upon amphetamine-type, ataractic, barbiturate-type, hallucinogenic or other stimulant and depressant substances as an incident to current medical treatment of a demonstrable physical or psychological disorder, or both, other than drug dependence . . . ."  Connecticut General Statutes (Rev. to 1997) § 21a-240 (19).  In 1997, Connecticut amended the statutory definition of a "drug-dependent person." In its new formulation, a "drug- dependent person" is defined as "a person   who has a psychoactive substance dependence on drugs as that condition is defined in the most recent edition of the 'Diagnostic and Statistical Manual of Mental Disorders' of the American Psychiatric Association . . . ." Connecticut General Statutes § 21a-240.  The DSM requires a review of several criteria over a *12 month period*. (See Exhibit  6 Appendix attached hereto).  The statute and DSM acknowledge the reality that drug dependence is a long term condition, which develops over time, so that a proper evaluation for drug dependency requires looking at evidence over time.

100-101).  Pagan testified she and petitioner abused drugs together in 1989 and 1990. (2HT (11/3/98), p. 102.)  Pagan testified that when Denby did not have cocaine he was "irate" and "wasn't himself", but that when he was high, Denby was "calm." (2HT (11/3/98), p. 95).  Pagan testified Denby's drug use increased over time. (2HT (11/3/98), p. 95).  Pagan testified that in 1992 Denby spent a lot of time looking for drugs and he stopped participating in social and recreational activities such as basketball and reading. (2HT (11/3/98), p. 95-96).  Denby could not support Pagan or their children because of his drug addiction. (2HT (11/3/98), p. 101).

Geraldine Denby, petitioner's mother, testified at the Second Habeas hearing.  She testified that petitioner Denby moved out of her house in 1980 because he was on drugs. (2HT (11/3/98), p. 108).  She testified that petitioner was on drugs in 1992, and had been on drugs since he was 18 or 19. (2HT (11/3/98), p. 110). Geraldine Denby testified that she believed Denby's drug use has increased over the years since he first started. (2HT (11/3/98), p. 113).

Taken together, this would allow a reasonable jurists at least to debate whether the petition could have been decided differently.  Indeed, by not summarily dismissing and by appointing counsel, it seems that the court has already concluded that the petition presented sufficient issues for a certificate of appealability.  The motion for certificate of appealability should be granted.

THE PETITIONER


By _____
    William M. Bloss
    Federal Bar No. ct01008
    Koskoff Koskoff & Bieder, P.C.
    350 Fairfield Avenue
    Bridgeport, CT 06604
    TEL:  203-336-4421
    FAX:  203-368-3244
    email: bbloss@koskoff.com

**<u>CERTIFICATION</u>**

  This is to certify that a copy of the foregoing Memorandum in Support of Motion for Appealability has been mailed, postage prepaid, on this 6th day of September, 2005, to all counsel of record, as follows:

Jo Ann Sulik, Esquire
Assistant States Attorney
300 Corporate Place
Rocky Hill, CT 06067

                     _____
                     William M. Bloss