IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------x
JOHN DENBY                               :
                                         :    3:02 CV 1143 (JGM)
                                         :
V.                                       :
                                         :
COMMISSIONER OF CORRECTION               :    DATE: OCTOBER 11, 2005
-----------------------------------------------------------x
```

<u>RULING ON PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY</u>

On July 7, 2002, petitioner John Denby filed his <u>pro se</u> Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1).  On May 17, 2003,  Attorney William M. Bloss was appointed as <u>pro bono</u> counsel for petitioner.  (Dkt. #17.  <u>See also</u> Dkts. ##19, 26 & 29).  On April 19, 2004, the parties consented to trial before this U.S. Magistrate Judge (Dkt. #23).

On December 7, 2004, petitioner filed a brief in support of the Petition for Writ of Habeas Corpus, in which he asserted the following constitutional errors: (1) the state court decisions that the petitioner's trial counsel was not constitutionally ineffective in failing to properly investigate and present evidence of petitioner's drug dependence defense resulted from an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)(Dkt. #35, at 26-37); and (2) the habeas court erred in failing to find that the petitioner is actually innocent of the crimes with which he was charged.  (<u>Id.</u> at 37-40). On May 23, 2005, respondent Commissioner of Corrections filed his Answer with an accompanying brief in opposition to the Petition for Writ of Habeas Corpus.  (Dkts. ##44-45).

On August 3, 2005, this Magistrate Judge filed a twenty-one page Ruling on Petitioner's Writ of Habeas Corpus (Dkt. #47), which sets forth the factual and procedural background behind this federal habeas in considerable detail, familiarity with which is presumed.  (<u>Id.</u> at 3-8).  The Ruling held that petitioner's trial counsel's representation fell

below an objective standard of reasonableness under Strickland v. Washington, 466 U.S. 668 (1984), for failing to obtain petitioner's records on drug dependency and for failing to have him examined by an expert – either a doctor or a substance abuse counselor – who would have been available to testify on this subject, instead of petitioner and his brother-in-law. (Dkt. #47, at 9-14). However, the Ruling also held that there was no reasonable probability that the unprofessional errors prejudiced petitioner's defense because "[w]hile it is possible that a jury would have found petitioner to be drug-dependent absent [counsel's] unprofessional errors, that possibility is insufficient to meet the 'reasonable probability' bar established by the Supreme Court in Strickland," because "[t]here [was] nothing on the record to indicate that the jury would have found petitioner's former girlfriend's and mother's testimony more convincing," and the DOC records and expert testimony of a licensed drug counselor at the Second Habeas trial were not "dispositive on the issue of drug dependency." (Id. at 14-18). Moreover, the prejudice identified by petitioner's expert witness at the Second Habeas trial was "the fact that there was a trial," as the expert opined that had trial counsel done the proper investigation, with the appropriate records and expert available, the prosecutor may have permitted a plea agreement under CONN. GEN. STAT. § 21a-277, for possession of narcotics with intent to sell by a person who is drug-dependent, which has a lower maximum penalty than CONN. GEN. STAT. § 21a-278(b), under which petitioner was convicted, for possession of narcotics with intent to sell by a person who is not drug-dependent. (Id. at 18). Petitioner's trial counsel and his criminal defense attorney on another charge both testified at the Second Habeas trial that petitioner "was adamant about going to trial" and had rejected plea offers. (Id. at 18-19 & n.20). The Ruling also rejected petitioner's claim regarding his actual innocence. (Id. at 19-20). Judgment was entered for respondent on August 10, 2005. (Dkt. #48).

On September 7, 2005, petitioner filed the pending Motion for Certificate of Appealability and brief in support (Dkts. ##49-50), as well as a Motion for Extension of Time to File a Notice of Appeal (Dkt. #51), which was granted until October 11, 2005. (Dkt. #52).

In the pending Motion, petitioner argues that the acknowledgment in the Ruling that "it is possible that a jury would have found petitioner to be drug-dependent absent [counsel's] unprofessional errors" "easily meets the standard for issuance of a certificate of appealability." (Dkt. #50, at 3)(citing Ruling at 16).  Petitioner's memorandum then recaps the "substantial evidence of drug dependency," including testimony of a licensed drug counselor, of petitioner's former girlfriend, and of petitioner's mother at the Second Habeas trial.  (Dkt. #50, at 3-5).

28 U.S.C. § 2253(c)(2) provides, in relevant part, that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  See also Slack v. McDaniel, 529 U.S. 473, 481 (2000) (citation and internal quotations omitted). This standard is satisfied when a petitioner can show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  See also Slack, 529 U.S. at 484 (petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(citation and internal quotations omitted).

On at least four previous occasions, state court judges found that petitioner did not prove that he was prejudiced by his attorney's representation of him – in the First Habeas Decision, the Connecticut Appellate Court's affirmance thereof, in the Second Habeas

Decision, and the Connecticut Appellate Court's affirmance thereof, the latter decision focusing on the issue of prejudice. Thus, this is not an issue that is "sufficiently debatable to justify the issuance of a COA." <u>Morales v. Smith</u>, 2005 WL 2367621, at *8 (E.D.N.Y. Sept. 27, 2005).

Accordingly, petitioner's Application for a Certificate of Appealability (Dkt. #49) is <u>denied</u>.

SO ORDERED at New Haven, Connecticut, this 11th day of October, 2005.

_____/s/_____
Joan Glazer Margolis
U.S. Magistrate Judge