05-5467-pr
Denby v. Commissioner of Correction

1            UNITED STATES COURT OF APPEALS
2               FOR THE SECOND CIRCUIT

3                **SUMMARY ORDER**

4 RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED
5 AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND
6 FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT
7 CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION
8 MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."
9 UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE
10 WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE
11 PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER
12 WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED.  IF NO COPY IS SERVED BY REASON OF THE
13 AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT
14 DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

15     At a stated term of the United States Court of Appeals for the
16 Second Circuit, held at the Daniel Patrick Moynihan United States
17 Courthouse, 500 Pearl Street, in the City of New York, on the
18 4th day of May, two thousand seven.

19     PRESENT:

20           HON. AMALYA L. KEARSE,
21           HON. ROBERT D. SACK,
22                 <u>Circuit Judges</u>,
23           HON. RICHARD MILLS,
24                 <u>District Judge</u>.*



25 ------------------------------------

26 JOHN DENBY,

27        <u>Petitioner-Appellant</u>,

28        - v -                No. 05-5467-pr

29 COMMISSIONER OF CORRECTION,

30        <u>Respondent-Appellee</u>.

31 ------------------------------------

     *The Honorable Richard Mills, of the United States District
Court for the Central District of Illinois, sitting by
designation.

Issued as Mandate:

MAY 30 2007

1   Appearing for Appellant:        WILLIAM M. BLOSS, Koskoff Koskoff &
2                                   Bieder, P.C., Bridgeport,
3                                   Connecticut.

4   Appearing for Appellee:         MICHAEL E. O'HARE, Supervisory
5                                   Assistant State's Attorney, Office
6                                   of the Chief State's Attorney,
7                                   Civil Litigation Bureau, Rocky
8                                   Hill, Connecticut.

9        Appeal from a judgment of the United States District Court
10  for the District of Connecticut (Joan Glazer Margolis, Magistrate
11  Judge).

12       UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
13  DECREED that the judgment of the district court be, and it hereby
14  is, AFFIRMED.

15       The petitioner-appellant John Denby appeals the district
16  court's denial of a writ of habeas corpus under 28 U.S.C. § 2254.
17  Denby contends that he received ineffective assistance of counsel
18  during his state court trial on charges of (1) possession of
19  cocaine with intent to sell by a person who is not drug-
20  dependent, Conn. Gen. Stat. § 21a-278(b), and (2) possession of
21  cocaine with the intent to sell within 1000 feet of a school,
22  Conn. Gen. Stat. § 21a-278a(b).  Denby was convicted by a jury on
23  both counts and was sentenced to nineteen years in prison.  Denby
24  argues that his trial counsel was ineffective because counsel
25  failed to investigate whether he was drug dependent, a finding of
26  which would have reduced his maximum penalty from twenty-three
27  years on the two charges to fifteen years on the first count
28  alone.  Denby also contends that he was denied effective
29  assistance of habeas counsel, but there is no federal
30  constitutional right to habeas counsel let alone effective habeas
31  counsel in state collateral proceedings.  See Coleman v.
32  Thompson, 501 U.S. 722, 756-57 (1991).  We assume that counsel
33  and the parties are familiar with the facts, the procedural
34  history of this case, and the scope of the issues presented on
35  appeal.

36       To prove ineffective assistance of counsel under Strickland
37  v. Washington, 466 U.S. 668 (1984), a defendant must show that
38  counsel's performance "fell below an objective standard of
39  reasonableness," 466 U.S. at 688, and that "there is a reasonable
40  probability that, but for counsel's unprofessional errors, the
41  result of the proceeding would have been different," 466 U.S. at
42  694.  To grant petitioner's habeas petition, however, we must
43  find not only that Denby's trial counsel provided ineffective

2

1   assistance under <u>Strickland</u>, but also that the state court's
2   denial of petitioner's writ of habeas corpus "resulted in a
3   decision that was contrary to, or involved an unreasonable
4   application of, clearly established Federal law, as determined by
5   the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).
6   As this standard applies to the <u>Strickland</u> claim here, the state
7   court's decision must have been not merely "incorrect or
8   erroneous" but "objectively unreasonable." <u>Wiggins v. Smith</u>, 539
9   U.S. 510, 520-21 (2003) (citing <u>Williams v. Taylor</u>, 529 U.S. 362,
10  409 (2000)).

11      The Appellate Court of Connecticut denied the ineffective
12  assistance of trial counsel claim on the ground that Denby failed
13  to satisfy the prejudice prong of <u>Strickland</u>. <u>Denby v. Comm. of</u>
14  <u>Correction</u>, 66 Conn. App. 809, 815, 786 A.2d 442, 447 (Conn. App.
15  2001). The Appellate Court relied on the trial court's
16  determination that the defense of drug dependency, if
17  investigated adequately prior to trial and pressed sufficiently
18  during trial, would have undermined Denby's primary defense that
19  he was actually innocent of the charges. <u>Id.</u> at 446-47; <u>see id.</u>
20  at 447 ("[T]he more he and his counsel chose to emphasize how
21  much his desire for drugs controlled his actions, the less likely
22  the jury was to believe that the petitioner would not have
23  engaged in the crime of possession with intent to sell.").

24      Although Denby's trial counsel's failure to investigate and
25  pursue this defense was deficient, we cannot say that the
26  Connecticut courts' conclusion that Denby was not prejudiced by
27  his deficient counsel was "objectively unreasonable." Denby's
28  petition for a writ of habeas corpus therefore must be denied.

29      For the foregoing reasons, the judgment of the District
30  Court is hereby AFFIRMED.

31                      FOR THE COURT:
32                      THOMAS ASREEN, Acting Clerk of the Court

33
34                      By: Oliva M. George, Deputy Clerk
35

A TRUE COPY
Thomas W. Asreen, Acting Clerk

by _____
        DEPUTY CLERK

3

05-5467-pr
Denby v. Commissioner of Correction

1 UNITED STATES COURT OF APPEALS
2 FOR THE SECOND CIRCUIT

3 **SUMMARY ORDER**

4 RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED
5 AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND
6 FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT
7 CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION
8 MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."
9 UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE
10 WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE
11 PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER
12 WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED.  IF NO COPY IS SERVED BY REASON OF THE
13 AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT
14 DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

15 At a stated term of the United States Court of Appeals for the
16 Second Circuit, held at the Daniel Patrick Moynihan United States
17 Courthouse, 500 Pearl Street, in the City of New York, on the
18 4th day of May, two thousand seven.

19 PRESENT:

20    HON. AMALYA L. KEARSE,
21    HON. ROBERT D. SACK,
22             Circuit Judges,
23    HON. RICHARD MILLS,
24             District Judge.*

25 ------------------------------------

26 JOHN DENBY,

27       Petitioner-Appellant,

28    - v -                                   No. 05-5467-pr

29 COMMISSIONER OF CORRECTION,

30       Respondent-Appellee.

31 ------------------------------------

---

*The Honorable Richard Mills, of the United States District
Court for the Central District of Illinois, sitting by
designation.

| 1 | Appearing for Appellant: | WILLIAM M. BLOSS, Koskoff Koskoff & |
| 2 | | Bieder, P.C., Bridgeport, |
| 3 | | Connecticut. |

| 4 | Appearing for Appellee: | MICHAEL E. O'HARE, Supervisory |
| 5 | | Assistant State's Attorney, Office |
| 6 | | of the Chief State's Attorney, |
| 7 | | Civil Litigation Bureau, Rocky |
| 8 | | Hill, Connecticut. |

9       Appeal from a judgment of the United States District Court
10  for the District of Connecticut (Joan Glazer Margolis, <u>Magistrate</u>
11  <u>Judge</u>).

12      UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
13  DECREED that the judgment of the district court be, and it hereby
14  is, AFFIRMED.

15      The petitioner-appellant John Denby appeals the district
16  court's denial of a writ of habeas corpus under 28 U.S.C. § 2254.
17  Denby contends that he received ineffective assistance of counsel
18  during his state court trial on charges of (1) possession of
19  cocaine with intent to sell by a person who is not drug-
20  dependent, Conn. Gen. Stat. § 21a-278(b), and (2) possession of
21  cocaine with the intent to sell within 1000 feet of a school,
22  Conn. Gen. Stat. § 21a-278a(b).  Denby was convicted by a jury on
23  both counts and was sentenced to nineteen years in prison.  Denby
24  argues that his trial counsel was ineffective because counsel
25  failed to investigate whether he was drug dependent, a finding of
26  which would have reduced his maximum penalty from twenty-three
27  years on the two charges to fifteen years on the first count
28  alone.  Denby also contends that he was denied effective
29  assistance of habeas counsel, but there is no federal
30  constitutional right to habeas counsel let alone effective habeas
31  counsel in state collateral proceedings.  <u>See</u> <u>Coleman v.</u>
32  <u>Thompson</u>, 501 U.S. 722, 756-57 (1991).  We assume that counsel
33  and the parties are familiar with the facts, the procedural
34  history of this case, and the scope of the issues presented on
35  appeal.

36      To prove ineffective assistance of counsel under <u>Strickland</u>
37  <u>v. Washington</u>, 466 U.S. 668 (1984), a defendant must show that
38  counsel's performance "fell below an objective standard of
39  reasonableness," 466 U.S. at 688, and that "there is a reasonable
40  probability that, but for counsel's unprofessional errors, the
41  result of the proceeding would have been different," 466 U.S. at
42  694.  To grant petitioner's habeas petition, however, we must
43  find not only that Denby's trial counsel provided ineffective

2

assistance under <u>Strickland</u>, but also that the state court's
denial of petitioner's writ of habeas corpus "resulted in a
decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by
the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).
As this standard applies to the <u>Strickland</u> claim here, the state
court's decision must have been not merely "incorrect or
erroneous" but "objectively unreasonable." <u>Wiggins v. Smith</u>, 539
U.S. 510, 520-21 (2003) (citing <u>Williams v. Taylor</u>, 529 U.S. 362,
409 (2000)).

The Appellate Court of Connecticut denied the ineffective
assistance of trial counsel claim on the ground that Denby failed
to satisfy the prejudice prong of <u>Strickland</u>. <u>Denby v. Comm. of
Correction</u>, 66 Conn. App. 809, 815, 786 A.2d 442, 447 (Conn. App.
2001). The Appellate Court relied on the trial court's
determination that the defense of drug dependency, if
investigated adequately prior to trial and pressed sufficiently
during trial, would have undermined Denby's primary defense that
he was actually innocent of the charges. <u>Id.</u> at 446-47; <u>see id.</u>
at 447 ("[T]he more he and his counsel chose to emphasize how
much his desire for drugs controlled his actions, the less likely
the jury was to believe that the petitioner would not have
engaged in the crime of possession with intent to sell.").

Although Denby's trial counsel's failure to investigate and
pursue this defense was deficient, we cannot say that the
Connecticut courts' conclusion that Denby was not prejudiced by
his deficient counsel was "objectively unreasonable." Denby's
petition for a writ of habeas corpus therefore must be denied.

For the foregoing reasons, the judgment of the District
Court is hereby AFFIRMED.

FOR THE COURT:
THOMAS ASREEN, Acting Clerk of the Court

By: Oliva M. George, Deputy Clerk

IE MANDATE, CONSISTING OF
EMS BELOW, HAS BEEN RECEIVED
OPINION ( ) STATEMENT OF COSTS
ORDER
:EIVED BY:_____ DATE_____

3